ALDERMAN, Judge.
This is an interlocutory appeal by the State of Florida from an order granting defendant’s motion to suppress twenty-eight packets of heroin and certain narcotic paraphernalia.
The police obtained a warrant to search a building in Hollywood known as “Tony’s Bar.” When the officers arrived at the bar they announced that they had a search warrant and advised all present to “freeze.” Defendant, who was a customer in the bar, was requested to move over to the wall. As defendant responded, one of the officers noticed an eyeglass case in her left hand and observed her drop the case. The case was retrieved by the officer, examined, and found to contain heroin. As a result of the discovery the defendant was arrested; after her arrest her purse was searched and narcotic paraphernalia was found.
In its order granting defendant’s motion to suppress, the trial judge held the search warrant to be invalid because it was based on an insufficient affidavit. The trial judge further held that since it was an illegal search of Tony’s Bar which resulted in the defendant abandoning her eyeglass case, the heroin found therein by the police must be suppressed as “fruit of the poisonous tree.” Also, because the defendant was not validly arrested, the search of her purse was held to be improper.
We have examined the affidavit upon which the. search warrant was based.[1] *668 In our opinion this affidavit establishes probable cause for the issuance of a search warrant to search Tony’s Bar. The police therefore were lawfully in the Bar when defendant was observed dropping the eyeglass case. When heroin was found in the case there was probable cause to arrest the defendant, and the subsequent search of defendant’s purse was a valid search incident to her arrest. The trial judge erred in granting defendant’s motion to suppress.
Reversed and remanded.
WALDEN, and DOWNEY, JJ., concur.

. The facts establishing probable cause for the issuance of the search warrant included the following.
1. On October 24, 1975, subsequent to an initial communication from a confidential informant at which time the informant revealed that he had (on October 23, 1975) observed heroin trafficking at the location in question, Affiant accompanied the confidential informant to Tony’s Bar;
2. On October 24, 1975, the confidential informant never leaving the sight of Affiant, the detective directly observed and overheard said informant’s purchase of what was subsequently determined to be heroin;
3. Later on October 24, 1975, Affiant accompanied the confidential informant back to Tony’s Bar where the informant was personally observed by the detective to make another purchase of heroin, Affiant and said informant being in the same vehicle during the buy;
4. On October 25, 1975 Affiant again accompanied the confidential informant to Tony’s Bar. In the immediate presence of the detective, the confidential informant purchased two packets of heroin. This buy also went down *668 while Affiant and the informant were in the same vehicle, Affiant being privy to the entire conversation;
5. On October 26, 1975, Affiant again returned to Tony’s Bar with the confidential informant, where the detective again observed and overheard said informant’s purchase of three more packets of heroin.